UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
AT PORTLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM JAMES O'DONNELL,<br><br>Defendant. | Case No. 3:24-mj-00269-JAM<br><br>ORDER RE: STATUS CONFERENCE CONCERNING PRE-ARRAIGNMENT CONTINUANCES |

This matter comes before the Court on a status conference (Dkt. 66). The Court held a hearing on February 3, 2026 with counsel and Mr. O'Donnell present, and discussed the factors that apply when the Court considered each of the motions for continuance in this case. Arraignment is currently scheduled for February 19, 2026. Mr. O'Donnell has waived his right to a timely arraignment and speedy trial, excluding the time up to February 27, 2026 from speedy trial computations (Dkt. 61).

In deciding the unopposed motions to continue arraignment that have been filed since the previous status conference (Dkt. 53, 54, 59, 60, 61, 62, 63) the Court considered the non-exclusive list of statutory and non-statutory factors in the context of this specific case. *See, Zedner v. United States,* 547 U.S. 489,.498-507 (2006); *United States v. Orozco-Barron,* 72 F.4th 945, 954-955 (9th Cir. 2023), cert. denied, 144 S.Ct. 1373 (2024); *United States v. Olsen,* 21 F.4th 1036, 1046 (9th Cir. 2022).

1   The Court has considered the factors but is not required to address each of the
2   statutory or non-statutory factors before granting a continuance. *Orozco-Barron,* at 954-
3   955. Each continuance has a time limitation, and the findings are in the Court's record,
4   orally or in writing, no later than at the time the Court makes a ruling on a defendant's
5   speedy trial motion to dismiss. *Id. ; Zedner v. United States,* at 507 and n.7.
6   In this case, the Court has evaluated the non-exclusive list of factors as follows:
7   Counsel for Mr. O'Donnell have stated that to provide effective preparation of a
8   defense, they have endeavored to carefully review the discovery and facts, evaluate
9   case strategy options, and consult with their client based on full information. They are
10  continuing to review the discovery and consult with their client about options, as of the
11  date of the status hearing on February 3, 2026. Failure to grant the continuances
12  requested by the defendant, "would deny counsel for the defendant . . . the reasonable
13  time necessary for effective preparation, taking into account the exercise of due
14  diligence." 18 U.S.C. § 3161 (h) (7)(B)(iv).
15  Due to the statutory elements, potential sentencing options, nature of the
16  prosecution, and novel questions of fact or law, with many potentially important
17  percipient witnesses that have observed events before, during, and after the drug sale
18  and overdoses, this is a complex case. Dkt. 1, 1-1, Complaint at 3-8. 18 U.S.C. § 3161
19  (h) (7)(B)(ii). Not only are there many potential law enforcement and percipient
20  witnesses, but there are also potential expert witnesses regarding causation, possible
21  drug combinations, and cause-of-death or cause-of-injury/overdose issues. Dkt. 1,
22  Complaint at 3-10.
23
24
25
ORDER RE: STATUS CONFERENCE CONCERNING
PRE-ARRAIGNMENT CONTINUANCES - 2

1    Failure to grant a continuance of the arraignment would likely result in a
2 miscarriage of justice. 18 U.S.C. § 3161 (h) (7)(B)(i). The discovery and prompt
3 investigation of the facts will inform the parties' analysis of options, and pursuit of justice
4 for a fentanyl-related injury or death is in the defendant's and the public's best interest.
5 Dkts. 31, 34, 67, 68 (briefs of the parties concerning the reasons for the continuances).
6    Mr. O'Donnell was in custody for approximately seven months but he was
7 released on bond with conditions of supervision by District Judge Mendez on July 23,
8 2025. Dkt. 52, Order Setting Conditions of Release. This is not unreasonable, and the
9 factor weighs in favor of granting the continuances.
10    The defendant has not invoked speedy trial rights; he has waived the right to be
11 indicted within the time limit, has sought each of the continuances, and defendant has
12 not objected to any of the continuances.
13    As to the seriousness of the charge, this factor also supports the continuances.
14 The Complaint alleges one victim died, and two victims sustained serious bodily injuries,
15 allegedly due to the defendant's sale of drugs, and the victims' overdoses from those
16 drugs, a combination of drugs that included fentanyl. Dkt. 1, 1-1, Complaint. If
17 convicted, the defendant's potential sentencing exposure would be a 20-year mandatory
18 minimum term and a maximum term of life in prison. Dkt. 3, Government's motion for
19 detention, at 1. The charge is extremely serious: for distribution of a controlled
20 substance, a mixture and substance containing a detectable amount of fentanyl, a
21 Schedule II controlled substance, resulting in death and serious bodily injury, under 21
22 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(C). *Id.*

ORDER RE: STATUS CONFERENCE CONCERNING
PRE-ARRAIGNMENT CONTINUANCES - 3

As described in the Complaint, all three victims were transported to the hospital, overdosed and unconscious, at approximately 3:54 a.m., on December 15, 2024. Narcan, in multiple doses, appeared to help AV-2 and AV-3 recover, but despite Narcan and CPR, AV-1 died from overdose. Dkt. 1, 1-1, Complaint, at 2-3. During the investigation Fentanyl was detected in the drugs found in the possession of the victims, and in the drugs found in the location where the victims had purchased the drugs on December 15, in the residence of Mr. O'Donnell. *Id.* , at 3, 7-8.

Arraignment is now set for February 19, 2026, at 10:00 am. Dkt. 69. If another continuance is sought, the motion must be filed on or before February 10, 2026.

IT IS SO ORDERED.

Dated this 6th day of February, 2026.

*Theresa L. Fricke*

Theresa L. Fricke, United States Magistrate Judge